NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

JOHN EDWARD RIGGINS, III, *Appellant*.

No. 1 CA-CR 22-0225
FILED 7-11-2023

---

Appeal from the Superior Court in Maricopa County
No.  CR2017-147400-001
The Honorable Ronee Korbin Steiner, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Michael S. Catlett delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Michael J. Brown joined.

---

**C A T L E T T**, Judge:

**¶1**　　　　John Edward Riggins III ("Riggins") appeals his conviction for forgery and the resulting sentence.  Counsel for Riggins filed a brief per *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, counsel found no arguable question of law that was not frivolous.  Riggins was permitted to file a supplemental brief but did not do so.  Counsel asks this Court to search the record for arguable issues.  *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999).  After reviewing the record, we affirm the conviction and sentence.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**　　　　In October 2017, police arrested Riggins for presented a forged check at a Wells Fargo Bank branch.  The State charged Riggins with one count of forgery, a Class 4 felony.  Before trial, the State alleged the forgery was committed while Riggins was on release for another offense.  The State also alleged that Riggins had three prior felony convictions.  The State further alleged that Riggins had committed other offenses for which he had not yet been convicted but for which his sentence could be enhanced.  And the State filed to enhance the sentence with various aggravating facts.

**¶3**　　　　After a three-day trial, the jury returned a guilty verdict.  Rather than conduct an aggravation trial, the parties stipulated that Riggins was on felony probation at the time of the forgery offense.  But the parties did conduct a trial on alleged prior convictions, with the superior court ultimately finding that Riggins had four prior felony convictions.  The court sentenced Riggins to 10 years in prison, with credit for 1,166 he had already spent in custody.  Riggins appealed, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

**DISCUSSION**

**¶4** We have read and considered counsel's brief and have reviewed the record for any arguable issues. See Leon, 104 Ariz. at 300. We find none.

**¶5** Riggins was present and represented by counsel at all critical stages of the proceedings against him. The record reflects the superior court afforded Riggins all his constitutional and statutory rights and conducted the proceedings following the Arizona Rules of Criminal Procedure. The court held appropriate pretrial hearings, and the evidence presented at trial was sufficient to support the jury's verdict. The sentence imposed falls within the range prescribed by law, with proper credit given for presentence incarceration.

**CONCLUSION**

**¶6** Riggins' conviction and sentence are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Riggins' representation in this appeal will end after informing Riggins of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).



AMY M. WOOD • Clerk of the Court
FILED: AA